## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**CROOKED CREEK PROPERTIES, INC.,**
**a Nevada corporation, whose principal**
**place of business is located in**
**Bakersfield, California,**

      **Plaintiff,**

**v.**                               **CASE NO. 2:08-CV-1002-WKW**

**RICHARD ENSLEY,** *et al.,*

      **Defendants.**

                                    /

## PLAINTIFF'S SUPPLEMENTAL MOTION TO DISQUALIFY COUNSEL

      **COMES** Crooked Creek Properties, Inc., by and through counsel, and moves the court to disqualify the law firm of Rushton, Stakely, Johnston, & Garrett, P.A. ("the Rushton-Stakely law firm", or "the law firm") from further participation in this case, or, alternatively, plaintiff moves the court to disallow the law firm continuing to represent two parties whose interest conflict, for the following reasons:

      1.   This motion is supplemental to plaintiff's pending motion to disqualify counsel, and is based on Rule 1.7 (a) (b) of the Alabama Rules of Professional Conduct, which states:

               (a)  "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

               (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

               (2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client *may be materially limited by the lawyer's responsibilities to another client* or to a third person, or by the lawyer's own interest, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation.  When representation of multi-ple clients in a single matter is undertaken, the consultation shall included explanation of the implications of the common representation and the advantages and risks involved."

2.  Direct quotations from Committee Comments amplify the rule:

"Loyalty is an essential element in the lawyer's relationship to a client.

" . . .

"Loyalty to a client is also impaired *when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interest.*  The conflict in effect forecloses alternatives that would otherwise be available to the client." (emphasis added).

3.  Plaintiff believes that the Rushton-Stakely law firm's representation of Richard Ensley is directly adverse to its representation of Anita Liles, is a violation of Rule 1.7, and prospectively skewers the outcome of this case.

4.  To begin with, any notion that Ensley's interest and Liles' interest will necessarily coincide since they are co-defendants in this case should be dispelled. In fact, it is clear, at the outset, that their interests will not coincide, and when their interest conflict, the law firm will be obliged to advise a course of action advantageous to one client, yet simultaneously disadvantageous to another client.

5.  At the point of conflict, the law firm will be forced to choose which of the two clients it will favor with its loyalty. Human nature suggests it likely that the law firm's primary loyalty will be to Ensley because he pays the legal fees, notwithstanding the fact that the money he uses to pay the legal fees almost certainly is derived, not from his own

funds, but from funds generated by plaintiff's Section 8 housing project to which Ensley has unfettered access. Also and at that point the law firm's loyalty to Liles will take a back-seat because she is a person of modest means and limited income, incapable of paying her own legal fees. Moreover, she does not have unfettered access to the income from the Section 8 housing project.

6.    So, assuming arguendo plaintiff wishes to offer Liles a "Mary Carter Agreement" --- an existential probability, would not such an offer trip-wire an irreconcilable conflict between her and Ensley, given the fact that the testimony of a cooperating witness is almost always more forthcoming and comprehensive than the testimony of an adversary (and is likely to be favorable to plaintiff and unfavorable to Ensley)?

7.    But suppose the Rushton-Stakely law firm continues to represent both Ensley and Liles. In that circumstance is it likely or unlikely the law firm will advise Liles to accept plaintiff's settlement offer, conditioned as it must be upon her testifying truthfully and completely?  If such dual representation is permitted to continue would Ensley not gain an unfair procedural advantage from the law firm's advice to Liles to *reject* such a potentially advantageous offer to her, especially if her testimony is disadvantageous to him?  Plaintiff believes Ensley would indeed gain an unfair procedural advantage for at least two reasons: one, if Liles testimony is deemed potentially favorable to plaintiff and unfavorable to Ensley it is decidedly more probable Ensley will be forced to consider settling the case on terms acceptable to plaintiff, and two, if Ensley refuses to settle, it is likewise more probable plaintiff will prevail at trial. In either case, justice is better served if Liles is given good advice and a fair opportunity to reflect on plaintiff's offer.

8.    Finally, it is well to keep in mind that a typical Mary Carter agreement has the following features:

> 1) The liability of the settling defendant is limited, and the plaintiff is guaranteed a minimum recovery;

2) The settling defendant remains a party to the pending action *without disclosing the full agreement to the non-settling parties and/or the judge and jury, absent court order; and*

3) If judgment against the non-settling defendant is for more than the amount of settlement, any money collected will first offset the settlement so that the settling defendant may ultimately pay nothing. See *Newman v. Ford Motor Co.*, 975 S.W.2d 147 (Mo., 1998)

9.   Obviously, the second feature of a typical "Mary Carter Agreement" is virtually unachievable if the law firm is allowed to continue its representation of both Ensley and Liles, and this works to the disadvantage of plaintiff.

### Conclusion

**WHEREFORE,** plaintiff respectfully moves the court to disqualify the law firm of Rushton, Stakely, Johnston, & Garrett, P.A. from further participation in this case, or, alternatively, plaintiff moves the court to disallow the law firm continuing to represent both Richard Ensley and Anita Liles in this case.

**DATED** this the 6th day of May, 2009.

Respectfully submitted,

/s/ *Gatewood Walden*
**GATEWOOD WALDEN (WAL 043)**
Plaintiff's attorney

**GATEWOOD WALDEN**
8 Marlborough Street
Montgomery, Alabama 36109
Phone: (334) 277-3790
Fax: (334) 274-9157
Email: gatewoodwalden@msn.com
Attorney Code: WAL043

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have on the day and date above written served a copy of the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following counsel of record.

Joseph Stott
2450 Valleydale Road
Birmingham, AL 35244

Ronald Davenport
Robert Huffaker
PO Box 270
Montgomery, AL 36101-0270


/s/ *Gatewood Walden*
**Of Counsel**



**GATEWOOD WALDEN**
# 8 Marlborough Street
Montgomery, Alabama 36109
Phone: (334) 277-3790
Fax: (334) 271-4386
Email: gatewoodwalden@msn.com