IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CROOKED CREEK PROPERTIES, INC.,
a Nevada corporation, whose principal
place of business is located in
Bakersfield, California,

    Plaintiff,

v.                                          CASE NO. 2:08-CV-1002-WKW

RICHARD ENSLEY, *et al.,*

    Defendants.

**NOTICE OF REPUDIATION OR CANCELLATION
OF RICHARD ENSLEY'S PURPORTED CONTRACT TO
MANAGE DANYA PARK APARTMENTS, AND DEMAND THAT
NEITHER RICHARD ENSLEY NOR HIS AGENTS, SERVANTS OR
EMPLOYEES EVER AGAIN ENTER ONTO CROOKED CREEK'S PROPERTY,
DANYA PARK APARTMENTS**

    While Crooked Creek Properties, Inc. (hereinafter "Crooked Creek"), the owner of Danya Park Apartments, Prattville, Alabama, maintains that Richard Ensley's purported contract to manage the apartments is void *ab initio,* nevertheless, please consider this to be Crooked Creek's final notice of repudiation and/or cancellation of said purported management contract. The purpose of this notice is to insure that all interested parties and their attorneys are aware of the repudiation and cancellation of said purported contract.

    Because the purported management contract is now cancelled or terminated, Crooked Creek demands that Richard Ensley, nor Patricia Ensley, nor Anita Liles, nor

their agents, servants, or employees ever again come onto the Danya Park Apartment property.

Moreover, Crooked Creek specifically and emphatically repudiates, rescinds, terminates, renounces, and cancels any purported authority Richard Ensley claims to have, or avers to have, or believes he has, under the terms and conditions of the purported contract to take possession of and to endorse and deposit into his own bank account Danya Park's tenants' checks. The wrongful conversion of said tenants' checks is considered by Crooked Creek to be a misappropriation of funds to which only it as owner of the apartments is entitled. .

In support of its repudiation and/or cancellation of said purported management contract Crooked Creek presents the following comment and legal authorities:

1. It is hornbook law that a party to a contract has the power to unilaterally terminate the agreement for material breach. "If the defaulting party materially breaches its duties under a contract, the injured party may repudiate the agreement and not perform prospectively. Restatement (Second) of Contracts § 246. *Edwards v. Allied Home Mortg. Capital Corp.,* 962 So.2d 194 (Ala. 2007). "A 'repudiation' is a manifestation by one party to the other that the first cannot or will not perform at least some of his obligations under the contract. E. Allan Farnsworth, *Contracts,* § 8.21, at 633-34 (1982)." *Congress Life Ins. Co. v. Barstow, 799 So.2d 931 (Ala. 2001).* "Repudiation, among other things, means rejection, disclaimer, renunciation, or even abandonment.' …" *Shirley v. Lin,* 548 So.2d 1329; *In re S.M. Goldberg Enterprises, Inc.* 130 Misc. 887, 225 N.Y.S. 513,516, "Under the general rule, if a contracting party has committed a material breach of contract the other parties should be excused from the obligation to perform further. Williston on Contracts, Third Edition, Section 864. "It is beyond dispute that when a party to a contract knowingly and willfully fails in his performance he is indeed occupying an untenable position when he complains that the other party to the contract has injured him by exercising **the power of termination**." *Olin Corp. v. Central Industries, Inc.,* 576 F.2d 642 (C.A.5 (Miss.), 1978) (emphasis added)). *Health Care Mgmt. Corp. v. Rubenstein,* 540 So.2d 77, 78 (Ala.Civ.App. 1989). "Because of the defendant's material breach of the

2

contract, the plaintiffs future performance of the contract was excused and the plaintiff had an immediate cause of action for that breach." *Federal Ins. Co. v. Kruger, Inc*. 829 So.2d 732; *Denver-Albuquerque Motor Transport.* 57 Ala.App 708, 331 So.2d 719 (1976). *Anvil Mining Co. v. Humble*, 153 U.S. 540, 14 S. Ct. 876, 880, 38 L. Ed. 814. "When there has been a material breach of a contract, the injured party has an election either of continuing performance of the contract, or of repudiating the contract. 12 Am.Jur., *Contracts*, Sec. 390." *Roan et al. v. Johnson,* 38 Ala.App.209, 84 So.2d 379. *See Restatement (Second) of Contracts,* Ch. 10, intro. n. (1981) (the injured party is justified in not performing his own obligations if the other party materially fails to perform); *Smith v. Clark,* 341 So.2d 720, 721 (Ala.1977*); Shirley v. Lin,* 548 So.2d 1329, 1334 (Ala.1989)."Once a party to a contract repudiates the agreement, the other party is excused from further performance." "Material falsehood constituting fraud may justify rescission and material breach of contract may do likewise." *Johnson v. Jagermoore-Estes Properties,* 456 So.2d 1072. "Whenever one party thereto is guilty of such a breach as is here attributed to the defendant, the other party is at liberty to treat the contract as broken, and desist from any further effort on his part to perform * * *." see Williston on Sales, Vol III, pp. 276-277. *Anvil Mining Co. v. Humble,* 153 U.S. 540, 14 S.Ct. 876, 880, 38 L.Ed. 814.

     The power to terminate a contract for material breach of its terms is a universal rule, applicable in all of the states, and any assertion to the contrary would be frivolous..

    2.   Regarding Ensley's breach, he has failed to comply with even a single promise he made in the purported contract. In *Klay v. Humana, Inc*. 382 F.3d 1241 (11th Circuit 2004) (J. Tjoflat) it is said: "A breach is a breach is a breach whether you are on the sunny shores of California or enjoying a sweet autumn breeze in New Jersey.  See Black's Law Dictionary 200(8th ed. 2004) defining "breach of contract" as a "[v]iolation of a contractual obligation by failing to perform one's own promise."  "Breach of contract is failure, without legal excuse to perform any promise which forms the whole or part of a contract." *Dickinson v. Cosmos Broadcasting Co. Inc*., 782 So.2d 260. "Under the **material breach doctrine,** '[a] party to a contract is discharged from his duty to perform where there is a material breach of the contract by the other party.'" *Susman v. Cypress Venture,* 187

3

Ill.App.3d 312,316, 134 Ill.Dec. 901, 904, 543 N.E.2d 184, 187 (1989). "Under Alabama law, one who fails to perform [the] requirements of [his] contract is not entitled to the." *In re C & C Excavating, Inc*. 288 B.R. 251, amended 2002 WL 31934186. Ensley failed to perform the following requirements of the purported management contract:

- to render monthly statements in accordance with paragraph 2.2.
- to obtain a fidelity bond in accordance with paragraph 2.3.
- to pay property taxes in accordance with paragraph (x).
- to provide owner with a monthly report in accordance with paragraph (xii).
- to maintain books and records in accordance with paragraph (xiii).
- nonpayment of taxes in accordance with paragraph (xv).
- to deliver monthly funds to owner in accordance with paragraph (xvii).
- to provide owner with annual operating budget in accordance with paragraph (xviii).
- to maintain bank accounts in accordance with paragraph 2.6.
- embezzlement of funds.
- unauthorized payment of personal obligations, including legal fees, from Danya Park Apartments funds.

3.   Moreover and more egregiously, Ensley is completely untrustworthy having converted to his own use, or misappropriated many thousands of dollars belonging to Crooked Creek. For informational purposes, "Checks, and the property rights represented thereby, may be the subject of a conversion action." *Alfa Mut. Ins. Co. v. Veal,* 622 So.2d 1292 (Ala.1993).

Because Ensley is untrustworthy and because his breach of the purported management contract is total it is unnecessary to point out any particulars.

4.   Turning now to the unlawful offense of trespass to property, as owner of Danya Park Apartments, Crooked Creek has a common law right as well as a statutory right, to deny entry to its property to whomever its chooses. So, to be clear, the following individuals are hereby denied entry to Danya Park Apartments: Richard Ensley, Patricia Ensley, Anita Liles, and any agent, servant, or employee of any of the above-referenced individuals.

Should Richard Ensley, Patricia Ensley, Anita Liles, and/or any agent, servant, or employee of any of the above-referenced individuals enter upon Crooked Creek's referenced property they will be considered trespassers, and will be dealt with as would any other trespassers.

5.   Lastly, Crooked Creek has a common law right to the income produced by the property. Richard Ensley, Patricia Ensley, Anita Liles, *et al* are, upon information and belief, intercepting tenant's rent checks and converting them to their own use. Crooked Creek demands that Ensley, *et al* discontinue this dishonest practice, immediately.

**DATED** this the 6th day of August, 2009.


Crooked Creek Properties, Inc. by:


/s/ Gatewood Walden
**GATEWOOD WALDEN**


**GATEWOOD WALDEN**
# 8 Marlborough Street
Montgomery, Alabama 36109
Phone: (334) 277-3790
Fax: (334) 271-4386
Email: gatewoodwalden@msn.com


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have on the day and date above written served a copy of the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following counsel of record.

Joseph Stott
2450 Valleydale Road
Birmingham, AL 35244

Ronald Davenport
Robert Huffaker
PO Box 270
Montgomery, AL 36101-0270


                                                /s/ *Gatewood Walden*
                                                **Of Counsel**


**GATEWOOD WALDEN**
# 8 Marlborough Street
Montgomery, Alabama 36109
Phone: (334) 277-3790
Fax: (334) 271-4386
Email: gatewoodwalden@msn.com